IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carlos Dennison,<br><br>        Plaintiff,<br>  v.<br><br>Benjamin H. Culbertson,<br><br>        Defendant. | Case No. 2:22-cv-02112-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 6) recommending the Court dismiss Plaintiff's Complaint. For the reasons set forth below, the Court adopts the R & R as the order of the Court and Plaintiff's Complaint is dismissed.

**I.    Background**

Plaintiff, a prisoner proceeding *pro se*, filed this case against Defendant Benjamin Culbertson, a South Carolina circuit court judge. (Dkt. No. 1 at 4). Plaintiff alleged that Judge Culbertson violated Plaintiff's Fourth and Fourteenth Amendment rights by granting summary judgment against Plaintiff in a state civil case. (*Id.* at 6-7). In the state civil case over which Judge Culbertson presided, Plaintiff claimed that police officers presented false testimony and forged a judge's signature to obtain an arrest warrant for Plaintiff. (*Id.* at 7-9). In the present case, Plaintiff argues Judge Culbertson violated his rights by allegedly using the forged documents to grant summary judgement to the defendants in the state civil case. (*Id.* at 4-9). Plaintiff requests actual and punitive damages and that Judge Culbertson be arrested for the crime of forgery pursuant to S.C. Code Ann. § 16-13-10. (*Id.* at 10).

1

**II.     Standard**

    **A.  *Pro Se* Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

    **B.  Report and Recommendation**

The Magistrate Judge makes only recommendation to this Court that has not presumptive weight. The Responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotations omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept. of Corr.*, No. 9:14-cv-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015); *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Plaintiff did not file objections in this case; therefore, the R & R is reviewed for clear error.

### III. Discussion

The Magistrate Judge correctly found that Plaintiff cannot maintain his claims against Judge Culbertson. "It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity is a threshold question which requires dismissal. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Consequently, a claimant cannot maintain a suit against a judge if the alleged violation involves the judge's performance of an official task. Plaintiff's claims against Judge Culbertson are based on his official participation and judicial rulings made in relation to Plaintiff's state civil case and are therefore barred by the doctrine of absolute judicial immunity. As a result, Plaintiff cannot maintain his claims against Judge Culbertson. *Id.* (stating that absolute immunity "is an immunity from suit rather than a mere defense to liability.").

The Magistrate Judge also correctly found that Plaintiff's request that Judge Culbertson be arrested for the crime of forgery cannot be granted. A private individual does not have a judicially cognizable interest in the prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Diamond v. Charles*, 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L.Ed.2d 48 (1986) ("[Appellant] could not compel the State to enforce [the law] against appellees because a private citizen lacks judicially cognizable interest in the prosecution or nonprosecution of another."). Accordingly, Plaintiff cannot compel the State to investigate or prosecute Judge Culbertson.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 6) as the order of the Court. Plaintiff's Complaint is **DISMISSED** without issuance and service of process.

                                             s/ Richard Mark Gergel
                                            Richard Mark Gergel
                                            United States District Judge

September 23, 2022
Charleston, South Carolina